# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-CV-566-TCK-FHM |
| ) | |
| 947 FIREARMS, ) | |
| ) | |
| Defendant. ) | |

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | (Case No. 09-CR-089-TCK) |
| ) | |
| ARTHUR RAY CANTARELL, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is Claimant/Defendant's Supplemental Motion for Attorneys Fees Pursuant to the Court's March 16, 2011 Amended Order (Doc. 52).

**I.      Background**

On March 16, 2011, the Court accepted and affirmed Magistrate Frank H. McCarthy's Report and Recommendation awarding Claimant/Defendant Arthur Ray Cantarell ("Cantarell") a total of $7,563.50 in attorneys fees ("March 16, 2011 Order"). The March 16, 2011 Order also granted Cantarell leave to file a supplemental fee request for time spent his Objection to the Report and Recommendation ("Objection") and the reply in support of the Objection ("reply brief"). Evident in the Court's March 16, 2011 Order, however, was the fact that Cantarell could only recover fees for time spent on new arguments associated with the civil and administrative

proceedings. Specifically, the Court cautioned that Cantarell "may not recover fees associated with the criminal action and also may not recover fees for work that was previously completed and simply reiterated in the briefing [related the Objection]." (March 16, 2011 Order at 3.) Cantarell now seeks additional attorneys fees in the amount of $8,462.00[1] for time spent on his Objection and reply brief.

**II.     Discussion**

To calculate a reasonable attorneys fee award, the Court multiples the reasonable number of hours spent by a reasonable hourly rate. The burden of proving the number of hours and rate is on the applicant. *Malloy v. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir. 1996). The number of hours requested must be proved "by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case v. Unified Sch. Dist. No. 223, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998). Lack of sufficient detail in a fee claimant's time records may make it impossible for a court to determine whether particular services are compensable and will justify a denial of all or a portion of the requested fees. *See Case*, 157 F.3d at 1250 ("A district court is justified in reducing the reasonable number of hours if the attorney's time records are 'sloppy and imprecise' and fail to document adequately how he or she utilized large blocks of time.") (citing *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995)).

After spending considerable time reviewing the billing records submitted by Cantarell, the Objection and reply brief, and the initial briefing on Cantarell's motion for attorneys fees, the Court finds that Cantarell has not met his burden of demonstrating that he is entitled to additional attorneys fees for time spent on the Objection and reply brief. As previously outlined, Cantarell is only

---

[1] Cantarell initially sought $9,353.00, but subsequently reduced the amount requested to $8,462.00.

entitled to fees for time spent on new arguments associated with the civil and administrative proceedings. Despite the Court's words of caution in its March 16, 2011 Order, the time records submitted by Cantarell in support of his supplemental fee request do not parse out such time. Rather, the records are over-inclusive, as the vast majority of the time entries relate to time spent on arguments associated with Cantarell's criminal prosecution, which is not recoverable, and time spent on arguments raised in prior briefing before the Court, for which Cantarell has already been compensated. It appears that Cantarell's attorneys made no effort to redact unrecoverable time, as directed by the Court. Indeed, the fact that Cantarell is requesting $8,462.00 for time spent on two filings when the Court previously awarded $7,563.50 for the entire case demonstrates the attorneys' failure to appropriate redact their submitted time records.

The entries also fail to exclude hours that are "excessive, redundant, or otherwise unnecessary." *Malloy*, 73 F.3d at 1018 ("[C]ounsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary[.]"). For example, Cantarell seeks attorneys fees for 4.25 hours of work spent on a motion seeking leave to file a reply brief in support of his Objection. Because the motion included a mere one page of argument (in addition to approximately 3.5 pages outlining the facts of the case, which had been outlined by Cantarell's counsel in previous briefing), the Court finds a request for fees based on 4.25 hours of attorney time to be unreasonable. Cantarell also seeks fees for hours spent that are not normally billed to a client – e.g., for tasks completed by attorneys that were redundant or administrative in nature. This indicates that Cantarell's attorneys did not exercise "billing judgment" with respect to the claim of the number of hours worked.

In addition to the specific problems identified above, the submitted time records generally suffer from "block billing" and do not delineate the time spent on each respective tasks. The Court

is therefore left with the impossible task of determining what time should be allotted to new arguments associated with the civil and administrative actions. Were the Court to grant Cantarell's supplemental request for fees, the Court would essentially be selecting an arbitrary amount of fees for the Government to pay. The Court will not engage in such speculation and therefore denies Cantarell's supplemental motion for attorneys fees.

### III. Conclusion

For the reasons outlined herein, the Supplemental Motion for Attorneys Fees Pursuant to the Court's March 16, 2011 Amended Order (Doc. 52) is DENIED.

**SO ORDERED this 24th day of February, 2012.**

**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**